UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN EGAN, on behalf of herself and all others similarly situated,

Plaintiff,

-against-

MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY, THE INVESTMENT COMMITTEE OF THE MORGAN STANLEY 401(k) PLAN (f/k/a THE MORGAN STANLEY DPSP/START PLAN), THE MORGAN STANLEY GLOBAL DIRECTOR OF HUMAN RESOURCES, WALID A. CHAMMAH, CHARLES CHASIN, ZOE CRUZ, RICHARD PORTOGALLO, JAMES P. GORMAN, NEAL A. SHEAR, CORDELL G. SPENCER, and JOHN DOE DEFENDANTS 1-30,

Defendants.

Civ.: 07 Civ. 11285 (RWS)

*(Captions Continued)*

**MEMORANDUM OF LAW (1) IN OPPOSITION TO THE MOTION OF C. KENNETH COULTER FOR APPOINTMENT AS INTERIM LEAD PLAINTIFF AND MILBERG WEISS LLP AND HARWOOD FEFFER LLP AS INTERIM CO-LEAD COUNSEL; AND (2) IN SUPPORT OF THE MOTION OF PLAINTIFF CAROLYN EGAN AND JOHN SIEFKEN FOR CONSOLIDATION OF THE ACTIONS AND APPOINTMENT OF WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP AND SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP AS INTERIM CLASS COUNSEL**

JOHN SIEFKEN, On Behalf of Himself and All Others Similarly Situated,

Plaintiff,

-against-

MORGAN STANLEY, MORGAN STANLEY & CO. INC., MORGAN STANLEY PLANS "INVESTMENT COMMITTEE," MORGAN STANLEY PLANS "ADMINISTRATIVE COMMITTEE," JOHN J. MACK, C. ROBERT KIDDER, ERSKINE B. BOWLES, DONALD T. NICOLAISEN, and JOHN DOES 1-10,

Defendants.

Civil Action No.: 07 Civ. 11456 (JGK)

C. KENNETH COULTER, on behalf of himself and all others similarly situated,

Plaintiff,

-against-

MORGAN STANLEY, MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY, THE INVESTMENT COMMITTEE, THE PLAN ADMINISTRATOR, THE MORGAN STANLEY GLOBAL DIRECOR OF HUMAN RESOURCES, JOHN J. MACK, ROY J. BOSTOCK, ERSKINE b. BOWLES, KIR HOWARD J. DAVIES, KAREN JAMESLEY, C. ROBERT KIDDER, DONALD T. NICHOLAISEN, CHARLES h. NOSKI, HUTHAM s. OLAYAN, CHARLES E. PHILLIPS, JR., O. GRIFFITH SEXTON, DR. LAURA D. TYSON, DR. KLAUS ZUMWINKEL and JOHN DOE 1-30,

Defendants.

Civ.: 07 Civ. 11624 (RWS)

*(Captions Continued)*

GREGORY MAJOR, On Behalf of Himself and All Others Similarly Situated,

Plaintiff,

-against-

MORGAN STANLEY, MORGAN STANLEY & CO. INCORPORATED, THE INVESTMENT COMMITTEE OF THE MORGAN STANLEY 401(k) PLAN, THE PLAN ADMINISTRATOR, THE MORGAN STANLEY GLOBAL DIRECTOR OF HUMAN RESOURCES, JOHN J. MACK, ROY J. BOSTOCK, ERSKINE b. BOWLES, SIR HOWARD j. DAVIES, KAREN JAMESLEY, C. ROBERT KIDDER, DONALD T. NICOLAISEN, CHARLES H. NOSKI, HUTHAM S. OLAYAN, CHARLES E. PHILLIPS, JR., O GRIFFITH SEXTON, DR. LAURA D. TYSON, DR. KLAUS ZUMWINKEL, and JOHN DOES 1-30,

Defendants.

Civil Action No.: 08 Civ. 00496

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ..... 1

A. The Filing of the Actions ..... 1

B. The Nature of the Actions ..... 2

C. The Motion Brought by Milberg Weiss ..... 3

II. ARGUMENT ..... 3

A. An Interim "Lead Plaintiff" Is Neither Warranted Nor Necessary In This ERISA Case ..... 3

B. Wolf/Schiffrin Should Be Appointed Interim Class Counsel ..... 5

C. Consolidation Of The Actions Is Proper Under The Federal Rules Of Civil Procedure ..... 13

III. CONCLUSION ..... 15

Plaintiffs Carolyn Egan and John Siefken (the "Plaintiffs") respectfully submit this memorandum of law (1) in opposition to the motion of C. Kenneth Coulter for the entry of an order appointing plaintiff Coulter as interim lead plaintiff and appointment of the law firms of Milberg Weiss LLP and Harwood Feffer LLP ("Milberg/Harwood") as interim co-lead counsel; and (2) in support of their motion for the entry of an order consolidating the above-captioned actions and any substantially similar future filed actions under Fed. R. Civ. P 42(a) and appointing Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway") (together "Wolf/Schiffrin") as interim class counsel.

The Plaintiffs respectfully submit herewith a [Proposed] Pre-trial Order No. 1 (the "Plaintiffs' Proposed Order") reflecting the relief requested herein.

## I. INTRODUCTION

### A. The Filing of the Actions

On December 14, 2007, plaintiff Egan, by and through her counsel Wolf Haldenstein, filed the first of the three above-captioned related actions in the United States District Court for the Southern District of New York. (A copy of plaintiff Egan's complaint is annexed as Exhibit A to the Joint Declaration of Mark C. Rifkin and Edward W. Ciolko ("Rifkin-Ciolko Decl."), submitted herewith.)

On December 19, 2007, after the filing of the Egan complaint, Milberg Weiss published a press release in which it announced that it was investigating possible illegal conduct relating to" the Plans and advised those who wished to discuss the investigation to contact Milberg Weiss by telephone, e-mail or through the firm's website. (A copy of the Milberg Weiss press release is annexed as Exhibit B to the Rifkin-Ciolko Decl.)

On December 20, 2007, plaintiff John Siefken, by and through his counsel Schiffrin Barroway, filed the second of the three above-captioned actions. (A copy of plaintiff Siefken's complaint is annexed as Exhibit C to the Rifkin-Ciolko Decl.)

On December 28, 2007, two weeks after the Egan complaint and nine days after the publication of Milberg Weiss's press release, plaintiff Coulter, by and through his counsel Milberg Weiss, filed the third of the above-captioned actions. (A copy of plaintiff Coulter's complaint is annexed as Exhibit D to the Rifkin-Ciolko Decl.)

On January 18, 2008, plaintiff Gregory Major, by and through his counsel Abraham, Fruchter & Twersky, LLP, filed the fourth of the above captioned actions. (A copy of plaintiff Major's complaint is annexed as Exhibit E to the Rifkin-Ciolko Decl.)

**B. The Nature of the Actions**

The actions assert claims under the Employee Retirement Income Security Act of 1974 ("ERISA") against Morgan Stanley, Morgan Stanley & Co., Inc. and other alleged fiduciaries of the Morgan Stanley 401(k) Plan and the Morgan Stanley Employee Stock Ownership Plan ("ESOP") (collectively, the "Plans"), on behalf of the Plans themselves and a class of participants and/or beneficiaries in the Plans from December 1, 2005 to present (the "Class Period"), for relief to the Plans pursuant to Sections 409 and 502(a) of ERISA, 29 U.S.C. §§ 1109 and 1132(a). The actions primarily allege that during the Class Period, the defendants breached their fiduciary duties under ERISA by (1) investing and permitting the investment of Morgan Stanley stock in the Plans when it was no longer prudent to do so because, inter alia, Morgan Stanley had become heavily exposed to extraordinary risks relating to its subprime

mortgage securitizations business; and (2) by failing to disclose negative material information concerning investment in Morgan Stanley stock.[1]

### C. The Motion Brought by Milberg Weiss

On or about January 9, 2007, Milberg Weiss moved to consolidate the currently filed actions, to have its client named "interim lead plaintiff," and to have itself as well as Harwood Feffer LLP (which did not even appear on Milberg Weiss's pleading) appointed as interim co-lead counsel.

As discussed below, the Plaintiffs are in accord that the above-captioned actions and any other subsequently filed related ERISA actions should be consolidated in this Court. However, the Plaintiffs strongly oppose the appointment of a "lead plaintiff" in this ERISA action and the appointment of Milberg/Harwood as co-lead counsel. No lead plaintiff need be appointed and Wolf/Schiffrin, who are counsel for the Plaintiffs in the first two filed cases and who have stellar records in ERISA and class action litigation, should be appointed as interim class counsel.

## II. ARGUMENT

### A. An Interim "Lead Plaintiff" Is Neither Warranted Nor Necessary In This ERISA Case

The Milberg/Harwood motion seeks to have plaintiff Coulter appointed as lead plaintiff in this action "on an interim basis pending class certification . . . as is required in an action on behalf of the Plans under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2)." (See memorandum of law submitted by Milberg/Harwood at pp. 6-7.) Milberg/Harwood's view of what is "*required*"

[1] On or before December 20, 2007, service of process was effectuated on defendants and filed with the Court. (See Rifkin-Ciolko Decl., Ex. F.) On January 7, 2008, Wolf Haldenstein negotiated an agreement with the law firm of Davis Polk & Wardell, which appeared as counsel for defendants in this action, for an extension of time until February 8, 2008 for defendants to answer or otherwise respond to the Egan complaint. (See Rifkin-Ciolko Decl., Ex. G.) Schiffrin Barroway has negotiated a similar extension of time with Davis Polk in the Siefken action.

under the law does not bode well for its attempt to represent the Class. There is *no requirement* in the ERISA statute for the appointment of a lead plaintiff in an ERISA case, and Milberg/Harwood have not even attempted to demonstrate why such a designation would be advantageous or necessary in this particular ERISA case.

Under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), a civil action may be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." ERISA § 509(a), 29 U.S.C. § 1109(a), in turn, imposes personal liability on breaching fiduciaries:

> to make good to *such plan* any losses to the plan resulting from each such breach, and to restore to *such plan* any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. (emphasis added.)

Therefore, relief sought under ERISA § 502(a)(2) inures solely to the benefit of the Plans, not to the benefit of individual participants of the Plans. See, e.g., In re Doral Fin. Corp. Sec. Litig., No. 05 MDL 1706 RO, 2006 WL 1120491, at *1 (S.D.N.Y. Apr. 27, 2006) (noting that there is "[n]o statutory authority exists for the appointment of lead plaintiff in shareholder derivative actions."); DiRienzo v. Philip Servs. Corp., 232 F.3d 49, 61-62 (2d Cir. 2000) (distinguishing between "lead plaintiffs" in class actions under the PSLRA and "plaintiffs in derivative actions").

To the extent that the Court believes that appointment of a "lead plaintiff would for some reason be appropriate in this case, plaintiffs Egan and Siefken are well suited to act in that capacity and represent the putative Class prior to certification. They are current participants in the 401(k) Plan and the ESOP and were participants throughout the alleged Class Period. They both lost a significant amount of their retirement savings as a result of their investment in

Morgan Stanley and are committed to litigating this case to recover losses suffered by the Plans. Milberg Weiss has offered no reason why plaintiff Coulter possesses any particular attribute that would put him a better position than plaintiffs Egan and Siefken to serve as a lead plaintiff.

**B. Wolf/Schiffrin Should Be Appointed Interim Class Counsel**

Rule 23(g)(2)(A) authorizes the Court to "designate . . . class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." As the Committee Notes to the 2003 amendments to Rule 23 state, designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It may also be important to make or respond to motions before certification . . . . Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the class certification decision is made.

Rule 23(g)(1)(C)(i) directs the court to appoint class counsel who will "fairly and adequately represent the interests of the class."[2] In appointing class counsel, the Rule directs the Court to consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," including the following factors described in Rule 23(g):

1. the work counsel has done in identifying or investigating potential claims in the action,

2. counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

3. counsel's knowledge of the applicable law, and

---

[2] When appointing interim lead counsel, it is "generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." In re Air Cargo Shipping Servs. Antitrust Litig., 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citation omitted).

4. the resources counsel will commit to representing the class.

Wolf/Schiffrin easily satisfy the requirements of Rule 23(g)(1) for appointment as interim class counsel.

**1. Wolf/Schiffrin Have Done Significant Work In This Case**

Wolf/Schiffrin devoted considerable time and resources to independently investigating the claims asserted in this litigation and, as a result of that investigation, have filed the first complaints in the nation against Morgan Stanley and fiduciaries of the Plans in connection with losses suffered through exposure to the subprime market. Moreover, soon after the actions were filed, Wolf Haldenstein and Schiffrin Barroway both requested plan documents from Morgan Stanley pursuant to ERISA § 104(b), 29 U.S.C. § 1024(b) (see Rifkin-Ciolko Decl., Ex. H), arranged proof of service on defendants and negotiated a stipulation with defendants with respect to the filing of an answer. Wolf/Schiffrin are currently preparing a discovery plan, including initial interrogatory and discovery requests, third party discovery and a list of potential deponents.

**2. Wolf/Schiffrin Havce Extensive Experience In ERISA and Class Action Litigation**

As reflected in the firm resumes attached as Exhibits I and J to the Rifkin-Ciolko Declaration, Wolf/Schiffrin are among the most experienced class action firms in the United States, having represented plaintiffs in nationwide class actions brought under ERISA and in other financially complex, large-scale litigation throughout the country. The firms' resumes contain a representative listing of the numerous in which the firms have been lead or one of the plaintiffs' primary counsel and the results achieved in those cases, and a representative list of the numerous published decisions in cases in which they have played a lead or other significant role.

**a. Wolf Haldenstein**

Wolf Haldenstein's qualifications to serve as lead counsel have been recognized repeatedly by courts nationwide. See, e.g., In re Luxottica Group, S.p.A. Sec. Litig., 2004 WL 2370650, at *5 (E.D.N.Y. Oct. 22, 2004) (selecting Wolf Haldenstein as lead class counsel based on the firm's "experience and expertise"); In re Comdisco Sec. Litig., 150 F. Supp. 2d 943, 951 (N.D. Ill. 2001) (noting that Wolf Haldenstein's credentials "are impeccable"). Recently, in In Re Dynamic Random Access Memory Antitrust Litigation, MDL-02-1486 (N.D. Cal.), where the firm was co-lead counsel, Judge Hamilton said (on August 15, 2007):

> I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention. You did an exceptionally good job at organizing and managing the case, assisting me in management of the case. There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides.

In In re Comdisco Sec. Litig., No. 01 C 2110 (N.D. Ill. July 14, 2005), Judge Milton Shadur observed:

> It has to be said…that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary. And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize . . . . I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation.

Wolf Haldenstein has been court-appointed lead counsel, co-lead counsel, or an executive committee member in some of the largest and most significant class action lawsuits brought across the United States, and is currently lead counsel in the following cases brought under ERISA:

- In re Tower Automotive ERISA Litigation, No. 05 CV 2184 (LLS) (S.D.N.Y.) (settlement approved).

- MBNA Corp. ERISA Litigation, C.A. No. 05-429 GMN (D. Del.).
- In re Aon ERISA Litigation, No. 04 C 6875 (N.D. Ill.).
- In re Aquila, Inc. (ERISA Litigation), 04-865 (W.D. Mo.) (settlement approved).
- Spiziri v. The St. Paul Travelers Companies, Inc. ERISA Litigation, Civ. No. 04-5096 (D. Minn.) (settlement approved).
- In re Harley Davidson, Inc. ERISA Litigation, Case No. 05-C-00547-CNC (E.D. Wis.).
- In re Guidant Corp. ERISA Litigation, 1:05-cv-1009-LJM-TAB (S.D. Ind.).

Indeed, Wolf Haldenstein has had an active practice in federal labor relations and employee rights since the commencement of the New Deal -- nearly 70 years ago. In a landmark case establishing important rights for employees, Finnan v. L.F. Rothschild & Co., 726 F. Supp. 460 (S.D.N.Y. 1989), Wolf Haldenstein was lead counsel in the first certified class action under the Federal Plant Closing Act (WARN) and recovered $3.5 million for illegally-discharged employees.

In addition, attorneys in Wolf Haldenstein's corporate department regularly advise clients as to the development and administration of pension plans subject to ERISA. Thus, the Class will benefit from the unique depth and breadth of Wolf Haldenstein's knowledge and expertise in a number of related areas of the law.

Finally, Wolf Haldenstein's primary office is located in New York City, where this action is pending. Wolf Haldenstein's proximity to the Court will facilitate the efficient prosecution of the litigation while, at the same time, reducing the burden, cost, and expense to the Class that otherwise would be incurred by counsel who have to travel great distances for hearings, depositions, and other events throughout the course of the litigation.

**b. Schiffrin Barroway**

Schiffrin Barroway is among the most recognized firms in the specialized field of ERISA company stock class action litigation. Moreover, Schiffrin Barroway generally specializes in complex class action litigation, representing investors, employees and consumers in class actions pending in state and federal courts throughout the United States. During its successful history, the firm has recovered billions of dollars for class members. Schiffrin Barroway, one of the largest class action firms in the country, has developed a nationwide reputation for excellence and is able to manage all aspects of complex class action litigation with particular expertise in ERISA, consumer and securities litigation.[3] Comprised of over 55 attorneys and a support staff consisting of about 100 paralegals, secretaries, file clerks, investigators, CPAs and administrative personnel, Schiffrin Barroway has the financial resources and manpower necessary to litigate any case.

As noted recently by one District Court which appointed Schiffrin Barroway as co-lead counsel after considering competing lead counsel applications, Schiffrin Barroway "has extensive experience litigating ERISA breach of fiduciary class actions." Nowak v. Ford Motor Co., 240 F.R.D. 355, 362 (E.D. Mich. 2006). Indeed, the firm's ERISA litigation department is one of the foremost in the country, as recognized by the Honorable Julie A. Robinson at the final fairness hearing in In re Westar Energy ERISA Litig., No. 03-CV-4032-JAR, at 33 (D. Kan. July 27, 2006) ("Class counsel [Schiffrin Barroway] is experienced, nationally recognized in this field, and had the requisite skill necessary to perform the legal services required in cases as complex as this.").[4] The Honorable Richard W. Story, United States District Judge, in In re

[3] *See also* firm resume of Schiffrin Barroway, attached to the Rifkin-Ciolko Decl. as Exhibit I.

[4] Attached hereto as Exhibit K to the Rifkin-Ciolko Decl.

Mirant Corp. ERISA, et al., No. 1:03-cv-1027-RWS (N.D. Ga. Nov. 16, 2006), reached the same conclusion. ("Class Counsel . . . are obviously eminently qualified to bring and pursue this litigation.").[5]

In addition to the cases cited above, courts across the country, acknowledging the firm's history and track record of impressive results, have not hesitated to appoint Schiffrin Barroway as Lead or Co-Lead Counsel in ERISA breach of fiduciary class actions, directly analogous to the instant matter.[6]

In the course of prosecuting ERISA class actions such as this as lead or co-lead counsel, Schiffrin Barroway has prepared numerous consolidated pleadings, responded to motions to dismiss, propounded discovery requests and reviewed hundreds of thousands of pages of plan-related documents and related documentation, and litigated cases through the summary judgment phase. Indeed, the firm's litigation efforts have resulted in favorable court opinions in a number of ERISA decisions denying defendants' motions to dismiss or for summary judgment.[7]

---

[5] Attached hereto as Exhibit L to the Rifkin-Ciolko Decl. Likewise, the Honorable Laura Taylor Swain commended Schiffrin Barroway in its representation of a similar class in an analogous action against Citigroup, finding that "the parties and their attorneys were creative in approaching the legal issues presented and the challenge of coming up with meaningful and constructive relief for plan members. . . ." Transcript of Final Fairness Hearing, In re: Citigroup Litigation, No. 03-CV-2932, at 7 (S.D.N.Y. Nov. 15, 2006), attached to the Rifkin-Ciolko Decl. as Exhibit M.

[6] See, e.g., In re Beazer Homes USA, Inc. ERISA Litig., 07-CV-00952-RWS (N.D. Ga. April 30, 2007); *Nowak* 240 F.R.D. at 355; *In re Lear ERISA Litig*., No. 06-CV-11735 (E.D. Mich. Apr. 10, 2006); In re Raytheon ERISA Litigation, No. 03-CV-10940-RGS (D. Mass. Mar. 19, 2003); Gee v. UnumProvident Corp., 03-CV-1552 (E.D. Tenn. Sept. 3, 2003); In re Westar Energy Inc. ERISA Litig., 03-CV-4032 (D. Kan. Mar. 7, 2003); Koch v. Loral Space & Commc'ns Ltd., 03-CV-9729 (S.D.N.Y. Dec. 8, 2003); In re Honeywell ERISA Litig., No. 03-CV-1214 (D.N.J. Oct. 22, 2004); Wilson v. Federal Home Loan Mortgage Corp., MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Apr. 7, 2004); In re Schering-Plough Corp. ERISA Litig., No. 03-CV-1204 (D.N.J. Oct. 25, 2005); and In re Calpine Corp. ERISA Litig., No. 03-CV-1685 (N.D. Cal. Apr. 17, 2003). Notably, the foregoing represent a subset of the ERISA class actions prosecuted by Schiffrin Barroway.

[7] Cases include: Brieger v. Tellabs, Inc., 473 F. Supp. 2d 878 (N.D. Ill. 2007); In re Lear ERISA Litig., No. 06-CV-11735 (S.D. Mich. Apr. 10, 2006); Woods v. Southern Co., 396 F. Supp. 2d 1351 (N.D. Ga. (continued…)

As a result of its extensive ERISA litigation experience, the firm "has also successfully engaged in extensive, intricate and successful settlement negotiations involving [complex] ERISA claims,"[8] including court-ordered mediations, and has recovered hundreds of millions of dollars for its clients and class members. These negotiations and mediations have resulted in several large recoveries for affected classes. See In re AOL ERISA Litig., 02-CV-8853 (as Co-Lead Counsel, Schiffrin Barroway helped obtain a $100 million settlement); In re Global Crossing Sec. & ERISA Litig., 225 F.R.D. 436 (S.D.N.Y. 2004) (as Co-Lead Counsel, Schiffrin Barroway helped obtain settlement providing injunctive relief and $78 million payment for plan losses); In re Bristol-Myers Squibb Co. ERISA Litig., No. 02-CV-10129 (LAP) (S.D.N.Y) (as Co-Lead Counsel, achieved a cash recovery of $41.22 million and significant structural relief regarding how the 401(k) plans at issue are administered valued at up to $52 million); In re Honeywell Intern'l ERISA Litig., No. 03-CV-1214 (DRD) (D.N.J. 2004) (as Lead Counsel, achieved a $14 million recovery to a defined contribution plan and its participants, as well as significant structural relief regarding the plan's administration and investment of its assets).[9]

(…continued)
2005); In re: Merck & Co., Inc. Sec. Derivative & ERISA Litig., No. 05-CV-2369, 2006 WL 2050577 (D.N.J. July 11, 2006); In re JDS Uniphase Corp. ERISA Litig., No. C 03-04743, 2005 WL 1662131 (N.D. Cal. July 14, 2005); Gee v. UnumProvident Corp., No. 03-CV-0147, 2005 WL 534873 (E.D. Tenn. Jan. 13, 2005); In re Honeywell Intern. ERISA Litig., No. 03-CV-1214, 2004 WL 3245931 (D.N.J. Sept. 14, 2004); In re ADC Telecomms., Inc. ERISA Litig., No. 03-CV-2989, 2004 WL 1683144 (D. Minn. July 26, 2004); In re Sears, Roebuck & Co. ERISA Litig., No. 02-CV-8324, 2004 WL 407007 (N.D. Ill. March 3, 2004); Falk v. Amerada Hess Corp., No. 03-CV-2491 (D.N.J. May 10, 2004); In re Syncor ERISA Litig., 351 F. Supp. 2d 970 (C.D. Cal. 2004); In re CIGNA Corp. ERISA Litig., No. 03-CV-00714 (JPF) (E.D. Pa. Aug. 2, 2004); In re AOL Time Warner, Inc., Sec. & "ERISA" Litig., No. 02-CV-8853, 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005); Hill v. BellSouth Corp., 313 F. Supp. 2d 1361 (N.D. Ga. 2004); Wilson v. Federal Home Loan Mortgage Corp., MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Feb. 7, 2005); In re Polaroid ERISA Litig., 362 F. Supp. 2d 461 (S.D.N.Y. 2005).

[8] Nowak, 240 F.R.D. 355, 362 (collecting cases).

[9] In approving the In re Honeywell settlement, the Honorable Dickinson R. Debevoise stated the following with regard to Schiffrin Barroway's representation of the ERISA class:

(continued…)

The ERISA litigation department is headed by Joseph Meltzer, a partner at Schiffrin Barroway. Mr. Meltzer concentrates his practice in the areas of ERISA litigation and has helped obtain several multi-million dollar settlements on behalf of class members, including the Schiffrin Barroway class settlements listed above. Mr. Meltzer represents employees in each of the numerous ERISA breach of fiduciary duty actions listed above for Schiffrin Barroway. Mr. Meltzer is a member of the American Bar Association and is actively involved in the ABA's Section Committee on Employee Benefits and is an invited lecturer on ERISA class action litigation.

Recently, Schiffrin Barroway was commended for its efforts in representing a class of plaintiffs and achieving a $3.2 billion settlement in a "case of unprecedented difficulty and complexity." *See* Transcript of Fairness Hearing Before the Honorable Paul J. Barbadoro, In re Tyco International, Ltd., No. C.02-MD-1335-B, at 82 (D.N.H. Nov. 2, 2007).[10] Judge Barbadoro noted:

> I am completely satisfied that the amount of this settlement is an outstanding result for this class. I have no question about it, that

(…continued)

> Plaintiffs' counsel undoubtedly possess great skill and experience in this kind of case and have exhibited that experience during the course of these proceedings.
>
> * * *
>
> ERISA class actions are a relatively new phenomenon, presenting complex issues as the courts deal with the complicated ERISA statute. Faced with this statute, counsel had to engage in extensive factual explorations and address legal problems both in the context of class certification and during the course of the motion to dismiss.

Final Fairness Hearing Transcript, In re Honeywell ERISA Litig., No. 03-CV-01214 (DRD) (July 19, 2005), p. 40 (attached hereto as Exhibit N to the Rifkin-Ciolko Decl.).

[10] Portions of the lengthy transcript are attached to the Rifkin-Ciolko Decl. as Exhibit O.

> it's an outstanding amount for the class. This is real money, a significant percentage of what might be recovered. There were and are real risks to the class in this case . . . . So by any measure, this is an outstanding result for the class."

Id. at 49, see also Id. at 134 ("But I also want to say there's no doubt in my mind about the quality of the legal work that the plaintiffs have done here. It has been of extraordinarily high quality. . . .").

**3. Wolf/Schiffrin Will Commit the Resources Necessary to Represent the Class**

Third, Wolf Haldenstein/Schiffrin Barroway have the ability and willingness to expend the financial and manpower resources necessary to prosecute this litigation on behalf of the Class. Throughout their history of undertaking class actions, there has never been any question that these firms can devote *millions* of dollars of resources for the prosecution a case.

Accordingly, Wolf Haldenstein/Schiffrin Barroway should be appointed to act as interim class counsel in these related ERISA actions and all subsequently-filed consolidated actions and, as reflected in Cross-Moving Plaintiffs' Proposed Order, authorized to direct and supervise the activities of the other firms that currently or may in the future represent plaintiffs in these or future related class actions. Milberg Weiss, which filed its complaint only after both Wolf Haldenstein and Schiffrin Barroway had filed their complaints, and only after publishing a notice over the internet designed to attract a client to bring an action similar to the action already filed, offer no reason why it and Harwood Feffer should be appointed as interim class counsel over Wolf/Schiffrin.

**C. Consolidation Of The Actions Is Proper Under The Federal Rules Of Civil Procedure**

Consolidation of actions in federal courts is governed by Rule 42(a), which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any

> or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay,

Fed. R. Civ. P. 42(a). Consolidation is appropriate where there are common issues of law or fact, and where the benefits of consolidation outweigh potential prejudice to the defendants. See, e.g., Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990) ("Rule 42(a) ... empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay."); Primavera Familienstiftung v. Askin, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) ("so long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate"); Manual for Complex Litigation §§ 11.631, 20.11 (4th ed. 2004); 8 James Wm. Moore et al., Moore's Federal Practice at § 42.10[l][6] (3d ed. 1997) (noting that "actions alleging similar violations against the same defendant[s]" are "routinely" consolidated).

Consolidation of the currently filed actions, as well as any future filed actions that are deemed to be substantially similar, is proper here because the actions each assert claims under ERISA against similar defendants and involve common questions of law and fact. Consolidating the actions will help to avoid unnecessary costs and delay by preventing duplicative efforts and allow the Court to adjudicate the relevant issues in a single proceeding. In this regard, *and in this regard only*, the Plaintiffs are in accord with the motion of Milberg/Harwood.

Accordingly, the Plaintiffs' Proposed Order seeks to consolidate these and any additional class actions filed in or transferred to this District asserting claims under ERISA in connection with the above-stated allegations. The Plaintiffs' Proposed Order also establishes procedures for the captioning, filing and docketing of papers in these and any other cases that may hereafter be filed in or transferred to this Court, procedures that are particularly necessary and appropriate in

complex class action litigation such as this. See Manual for Complex Litigation § 21.12 (4th ed. 2004).

### III. CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court enter the Plaintiffs' Proposed Order: (1) consolidating the actions; and (2) appointing Wolf/Schiffrin as Interim Class Counsel to act on behalf of the ERISA class plaintiffs in the consolidated actions.

DATED: January 25, 2008

Respectfully Submitted,

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP

By: /s/ Mark C. Rifkin
Mark C. Rifkin
Michael Jaffe
Kate M. McGuire
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4600
Fax: (212) 545-4653
Email: rifkin@whafh.com

**SCHIFFRIN BARROWAY TOPAZ
& KESSLER, LLP**
Joseph H. Meltzer
Edward W. Ciolko
Katherine B. Bornstein
280 King of Prussia Road
Radnor, PA 198087
Tel: (610) 667-7706
Fax: (610) 667-7056
email: jmelzer@sbtklaw.com
eciolko@sbtklaw.com

***Proposed Interim Class Counsel***

**DEALY & SILBERSTEIN, LLP**
Milo Silberstein
225 Broadway, Suite 1405
New York, NY 10007
Tel: (212) 385-0066
Fax. (212) 385-2117

***Attorneys for Plaintiff John Siefken***