UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MORGAN STANLEY ERISA LITIGATION | |
| | MASTER FILE NO.: |
| THIS DOCUMENT RELATES TO: | 07 Civ. 11285 (RWS) |
| ALL ACTIONS | |

REPLY MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

*Attorneys for Defendants*

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ........................................................................... i

I. PLAINTIFFS HAVE NOT STATED A MISMANAGEMENT CLAIM ................ 1

A. Compliance with Plan Requirements Is Not Actionable ............................ 1

B. Plaintiffs Have Not Overcome the Presumption That Investment in Company Stock Was Prudent ....................................................................... 3

C. Section 404 of ERISA Also Bars Plaintiffs' Prudence Claim ................... 5

II. PLAINTIFFS HAVE NOT STATED A CLAIM BASED ON INADEQUATE DISCLOSURE ........................................................................................... 6

A. ERISA Imposes No Obligation to Provide the Information That Plaintiffs Claim Should Have Been Disclosed ............................................ 6

B. The Allegedly Misleading Disclosures by Morgan Stanley Were Not ERISA Communications and Are Not Actionable ...................................... 8

C. The Complaint Does Not Allege That Any Fiduciary Breached Any Duty to Inform Plan Participants ............................................................... 11

III. PLAINTIFFS' OTHER CLAIMS ALSO FAIL ...................................................... 13

IV. PLAINTIFFS HAVE FAILED TO ALLEGE FIDUCIARY STATUS ................ 14

CONCLUSION .............................................................................................................. 15

TABLE OF AUTHORITIES

CASES

PAGE

In re AOL Time Warner, Inc., Sec. & "ERISA" Litig.,
    No. 02 Civ. 8853 (SWK), 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005).................................14

Adams v. Freedom Forge Corp., 204 F.3d 475 (3d Cir. 2000).........................................................8

Anweiler v. American Elec. Power Serv. Corp., 3 F.3d 986 (7th Cir. 1993) ..................................8

Baker v. Kingsley, 387 F.3d 649 (7th Cir. 2004) ............................................................................6

Bannistor v. Ullman, 287 F.3d 394 (5th Cir. 2002)......................................................................14

In re Bausch & Lomb Inc. ERISA Litig.,
    No. 06-CV-6297, 2008 WL 5234281 (W.D.N.Y. Dec. 12, 2008)...............................3, 4, 9, 11

Bell Atlantic v. Twombly, 127 S. Ct. 1955 (2007)..........................................................................3

Benzman v. Whitman, 523 F.3d 119 (2d Cir. 2008).........................................................................6

Board of Trustees of the CWA/ITU Negotiated Pension Plan v. Weinstein,
    107 F.3d 139 (2d Cir. 1997)....................................................................................................6, 7

In re Calpine Corp. ERISA Litig.,
    No. C 03-1685 SBA, 2005 WL 3288469 (N.D. Cal. Dec. 5, 2005) .........................................9

In re Coca-Cola Enters. Inc., ERISA Litig.,
    Master File No. 1:06-CV-0953 (TWT), 2007 WL 1810211 (N.D. Ga. June 20, 2007)..........11

Cokenour v. Household Int'l., Inc.,
    No. 02 C 7921, 2004 WL 725973 (N.D. Ill. Mar. 31, 2004) ...............................................7, 11

Crowley v. Corning, Inc., 234 F. Supp. 2d 222 (W.D.N.Y. 2002) ................................9, 11, 12, 14

Crowley v. Corning, Inc., No. 02 Civ. 6172, 2004 WL 763873 (W.D.N.Y. Jan. 14, 2004) .....2, 14

In re Dell, Inc. ERISA Litig., 563 F. Supp. 2d 681 (W.D. Tex. 2008)...........................................3

Donovan v. Bierwirth, 754 F.2d 1049 (2d Cir. 1985)....................................................................11

In re Duke Energy ERISA Litig., 281 F. Supp. 2d 786 (W.D.N.C. 2003) ......................................4

i

In re Dynegy, Inc. ERISA Litig., 309 F. Supp. 2d 861 (S.D. Tex. 2004)......................................10

Edgar v. Avaya, 503 F.3d 340 (3d Cir. 2007)...................................................3, 4, 7, 11

Ehlmann v. Kaiser Found. Health Plan, 198 F.3d 552 (5th Cir. 2000)............................................6

In re Enron Securities, Derivative & ERISA Litigation,
    284 F. Supp. 2d 511 (S.D. Tex. 2003) ...................................................................13

Faircloth v. Lundy Packing Co., 91 F.3d 648 (4th Cir. 1996)........................................................6

In re First Am. Corp. ERISA Litig.,
    SACV 07-01357-JVS (RNBx), 2008 U.S. Dist. LEXIS 83832 (C.D. Cal. July 14, 2008) .....10

In re Ford Motor Co. ERISA Litig.,
    No. 06 Civ. 11718, 2008 WL 880161 (E.D. Mich. Mar. 31, 2008)...........................................5

Graden v. Conexant Sys., Inc., 574 F. Supp. 2d 456 (D.N.J. 2008) ..........................................3, 11

Halaris v. Viacom, Inc., No. 06 Civ. 1646, 2008 WL 3855044 (N.D. Tex. Aug. 19, 2008)...........3

Harris Trust & Sav. Bank v. John Hancock Mut. Life Ins. Co.,
    No. 83 Civ. 5401, 1997 WL 278116 (S.D.N.Y. May 23, 1997)................................................2

Harris Trust & Sav. Bank v. John Hancock Mut. Life. Ins. Co.,
    302 F.3d 18 (2d Cir. 2002)...............................................................................................2

Hecker v. Deere & Co., No. 06 Civ. 719, 2007 WL 3270401 (W.D. Wis. Oct. 19, 2007) .............6

Hill v. BellSouth Corp., 313 F. Supp. 2d 1361 (N.D. Ga. 2004)....................................................13

In re Honeywell Int'l ERISA Litig.,
    No. Civ. 03-1214 (DRD), 2004 WL 3245931 (D.N.J. Sept. 14, 2004) ..................................13

Kirschbaum v. Reliant Energy, Inc., 526 F.3d 243 (5th Cir. 2008)..................................................4

Lively v. Dynegy Inc., 420 F. Supp. 2d 949 (S.D. Ill. 2006)............................................................8

Mellot v. ChoicePoint, Inc., 561 F. Supp. 2d 1305 (N.D. Ga. 2007) ......................................4, 7, 9

Moench v. Robertson 62 F.3d 553 (3d Cir. 1995) ..........................................................................3

Pedraza v. Coca-Cola Co., 456 F. Supp. 2d 1262 (N.D. Ga. 2006)................................................5

In re Polaroid ERISA Litig., 362 F. Supp. 2d 461 (S.D.N.Y. 2005) ................................2, 4, 8, 11

Pugh v. Tribune Co., 521 F.3d 686 (7th Cir. 2008) ..........................................................................3

In re RCN Litig., No. 04-5068 (SRC), 2006 WL 753149 (D.N.J. Mar. 21, 2006) ..............9, 11, 12

In re Radioshack Corp. ERISA Litig., 547 F. Supp. 2d 606 (N.D. Tex. 2008) ..............................3

In re Reliant Energy ERISA Litig.,
    No. 02 Civ. 2051, 2006 WL 148898 (S.D. Tex. Jan. 18, 2006) ........................................2, 10

In re Schering-Plough Corp. ERISA Litig.,
    No. Civ. A. 03-1204 (KSH), 2007 WL 2374989 (D.N.J. Aug. 15, 2007) ..............................10

Silverman v. Mut. Benefit Life Ins. Co., 138 F.3d 98 (2d Cir. 1998) ...........................................11

Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310 (N.D. Ga. 2006) ...................................1, 2, 5

Sprague v. Gen. Motors Corp., 133 F.3d 388 (6th Cir. 1998) ........................................................7

In re Sprint Corp. ERISA Litig., 388 F. Supp. 2d 1207 (D. Kan. 2004) .......................................12

Stein v. Smith, 270 F. Supp. 2d 157 (D. Mass. 2003) .....................................................................9

In re Syncor ERISA Litig., 516 F. 3d 1095 (9th Cir. 2008) ............................................................5

In re Tyco Int'l, Ltd. MDL, No. 02-1357-PB, 2004 WL 2903889 (D.N.H. Dec. 2, 2004) ...........10

Urban v. Comcast Corp.,
    No. 08 Civ. 773, 2008 WL 4739519 (E.D. Pa. Oct. 28, 2008) ..................................2, 3, 11, 12

Varity Corp. v. Howe, 516 U.S. 489 (1996) ................................................................................7, 9

Weiss v. CIGNA Healthcare, Inc., 972 F. Supp. 748 (S.D.N.Y. 1997) ..........................................6

In re Williams Cos. ERISA Litig., 271 F. Supp. 2d 1328 (N.D. Okla. 2003) ...............................14

Woods v. S. Co., 396 F. Supp. 2d 1351 (N.D. Ga. 2005) .........................................................13, 14

In re WorldCom, Inc. ERISA Litig., 263 F. Supp. 2d 745 (S.D.N.Y. 2003) .........................7, 8, 10

Wright v. Oregon Metallurgical Corp., 360 F.3d 1090 (9th Cir. 2004) .........................................4

In re Xerox Corp. ERISA Litig., 483 F. Supp. 2d 206 (D. Conn. 2007) ......................................10

STATUTES & RULES

29 U.S.C. § 1104(c) ...................................................................................................5

Fed. R. Civ. P. 8(a) ..................................................................................................12

Fed. R. Civ. P. 9(b) ..................................................................................................12

I.      PLAINTIFFS HAVE NOT STATED A MISMANAGEMENT CLAIM

        A.  Compliance with Plan Requirements Is Not Actionable

        Notwithstanding that the Plans on their face mandate the very conduct being challenged,[1]

Plaintiffs assert that Defendants have discretion not to invest in Company stock.  They assert that

the MSSF could be invested and reinvested temporarily in "interest-bearing short term

investments," with "no restriction on how long funds may be maintained in such investments."

(Opp. 11.)  But the provision they reference provides only a short-term means of maintaining

liquidity for transfers into and out of the MSSF, not an override of the mandate to invest the

MSSF only in Company stock.  (Wise Decl. Ex. A, 401(k) Plan § 8(b)(i), (ii)(A).)  The same

argument Plaintiffs make here was expressly rejected in Smith v. Delta Air Lines, Inc., 422 F.

Supp. 2d 1310, 1330 (N.D. Ga. 2006) ("[W]hile the [plans] did have cash components, a fair

reading of the [plan documents] compels the conclusion that the cash (and cash-equivalent

investments) were intended to fund expenses of the Trust and payments to participants, not to be

a primary investment vehicle.").

        Plaintiffs contend that because the ESOP allows the Plan Administrator to "suspend

transfers into or out of" the ESOP "in light of unusual market conditions," the Administrator

could have suspended investment of Morgan Stanley's ESOP contributions in the MSSF.  (Opp.

11.)  But the provision Plaintiffs cite governs a *participant's* ability to re-allocate his or her

investment in the MSSF to other investment options; it does not give the Plan Administrator

discretion to ignore the requirement that Company contributions be invested in the MSSF.  (Wise

---

[1] The 401(k) Plan mandates that the offered Investment Funds *shall* include the Morgan Stanley Stock Fund ("MSSF") (Wise Decl. Ex. A, 401(k) Plan § 8(b)(i)), and that the MSSF be invested *exclusively* in Morgan Stanley stock (id. § 8(b)(ii)(A)).  The ESOP provides that Morgan Stanley's contributions to the Plan *shall* be invested in the MSSF.  (Wise Decl. Ex. B, ESOP art. 4.01(a).)

Decl. Ex. B, art. 7.04(d)(i).)

Plaintiffs cite Defendants' supposed discretion to make Company contributions to the ESOP in cash or stock (Opp. 11-12), but any such discretion is immaterial, because whatever the form of contribution, the ESOP must invest it in the MSSF, and the MSSF must be invested in Morgan Stanley stock. (Defs. Mem. 27-28.)

Plaintiffs assert that, regardless of the lack of discretion, Defendants had a duty not to follow the terms of the Plans, ostensibly because they were inconsistent with ERISA. But where, as here, plan fiduciaries are not given discretion whether to offer the option of investing in company stock or whether to invest contributions in company stock, a breach of prudence claim must be dismissed as a matter of law. Urban v. Comcast Corp., No. 08 Civ. 773, 2008 WL 4739519, at *12 (E.D. Pa. Oct. 28, 2008) ("[W]here a plan's settlor mandates investment in employer securities, the plan fiduciaries are immune from judicial inquiry related to such investments, essentially because they are implementing the intent of the settlor.") (quotation omitted).[2] This conclusion finds support in the Second Circuit. Cf. Harris Trust & Sav. Bank v. John Hancock Mut. Life. Ins. Co., 302 F.3d 18, 29 (2d Cir. 2002) (holding that there is no fiduciary obligation where there is no discretion to be exercised).[3]

---

[2] See also In re Reliant Energy ERISA Litig., No. 02 Civ. 2051, 2006 WL 148898, at *4 (S.D. Tex. Jan. 18, 2006), aff'd sub nom., Kirschbaum v. Reliant Energy, Inc., 526 F.3d 243 (5th Cir. 2008); Delta Air Lines, 422 F. Supp. 2d at 1330; Crowley v. Corning, Inc., No. 02 Civ. 6172, 2004 WL 763873, at *10 (W.D.N.Y. Jan. 14, 2004).

[3] Plaintiffs' reliance on Harris Trust & Savings Bank v. John Hancock Mutual Life Insurance Co., No. 83 Civ. 5401, 1997 WL 278116 (S.D.N.Y. May 23, 1997), is misplaced, because that decision held that an ERISA fiduciary "will be held accountable for discretionary acts with respect to plan assets even if the fiduciary has been granted the right to exercise such discretion by means of a contract with the plan," id. at *2 (emphasis added). By contrast, the Plans here permit no discretion on whether to offer the MSSF as an option or to invest the MSSF in Morgan Stanley stock. In In re Polaroid ERISA Litigation, the court cited no support for its ruling that section 1104(a)(1)(D) permits defendants to disregard mandatory plan terms that are not inconsistent with any express provisions of the statute. 362 F. Supp. 2d 461, 474 (S.D.N.Y. 2005).

2

B.  Plaintiffs Have Not Overcome the Presumption That
Investment in Company Stock Was Prudent

As explained in Defendants' opening brief, even if the Plan documents were not a
complete defense (and they are), Defendants are entitled to a presumption that it was prudent to
invest in Company stock – a presumption that advances Congress's objective in ERISA of
fostering employee stock ownership.  Plaintiffs' assertion that the presumption does not apply on
a motion to dismiss (Opp. 10-12) is incorrect.  Most courts have recognized that the presumption
is applicable on a motion to dismiss, especially since the Supreme Court's decision in <u>Bell
Atlantic v. Twombly</u>, which held that, to satisfy Rule 8, a complaint must allege facts that "raise
a right to relief above the speculative level," 127 S. Ct. 1955, 1965 (2007).[4]  Plaintiffs' argument
that the presumption does not apply unless the fiduciaries are strictly bound to invest in company
stock (Opp. 11-12) is also incorrect.  <u>See</u> <u>Moench v. Robertson</u> 62 F.3d 553, 571 (3d Cir. 1995)
(developing a standard specifically for cases where "the fiduciary is not absolutely required to
invest in employer securities").  And in any event, Defendants *were* strictly bound to invest in
Company stock.

Plaintiffs' allegations do not meet the high pleading standard that is required to overcome
the presumption.  (Defs. Mem. 10-13.)  They do not allege that Morgan Stanley's stock
experienced a "precipitous decline" during the Class Period, or that Morgan Stanley suffered a

---

[4] <u>See</u>, <u>e.g.</u>, <u>Edgar v. Avaya</u>, 503 F.3d 340, 349 & n.14 (3d Cir. 2007) ("Quite simply, if a plaintiff does not plead all of the essential elements of his or her legal claim, a district court is required to dismiss the complaint. . . . [A] duty of prudence claim that is on its face inadequate as a matter of law obviates the need for discovery."); <u>In re Bausch & Lomb Inc. ERISA Litig.</u>, No. 06-CV-6297, 2008 WL 5234281, at *4-6 (W.D.N.Y. Dec. 12, 2008); <u>Pugh v. Tribune Co.</u>, 521 F.3d 686, 701 (7th Cir. 2008); <u>Urban</u>, 2008 WL 4739519, at *12; <u>In re Radioshack Corp. ERISA Litig.</u>, 547 F. Supp. 2d 606, 614 (N.D. Tex. 2008) (relying explicitly on <u>Bell Atlantic</u> and <u>Avaya</u>); <u>In re Dell, Inc. ERISA Litig.</u>, 563 F. Supp. 2d 681, 693 (W.D. Tex. 2008); <u>Halaris v. Viacom, Inc.</u>, No. 06 Civ. 1646, 2008 WL 3855044, at *2 (N.D. Tex. Aug. 19, 2008); <u>Graden v. Conexant Sys., Inc.</u>, 574 F. Supp. 2d 456, 462 (D.N.J. 2008). Every case Plaintiffs cite pre-dates <u>Bell Atlantic</u>, and none of these cases were decided by the Second Circuit or this Court.  (Opp. 10 & n.8.)

financial collapse or ceased to be viable as a going concern during this period.  (Defs. Mem. 10-13.)  Recognizing this deficiency, they seek to support their claim by pointing to certain well-publicized developments affecting the entire financial industry that have occurred since they filed their Complaint.  (Opp. 6-7, 14-15.)  These industry-wide problems go well beyond Plaintiffs' allegations that it was imprudent to permit Plan participants to invest in Morgan Stanley stock because of its exposure to subprime trading losses and related accounting, internal controls and risk-management alleged deficiencies.  Plaintiffs' references to recent and unforeseen developments affecting the entire financial industry over the past few months are opportunistic and irrelevant.  Such matters are outside the Complaint and do nothing to overcome the presumption of prudent investment during the relevant time.

Plaintiffs argue that the presumption can be overcome even where there is no "impending collapse" if the Defendants allegedly knew or should have known that the stock was "exceedingly risky" or "artificially inflated."  (Opp. 12-15.)  That argument has been rejected by this Court and by courts of appeals in other circuits, and should be rejected here as well.[5] Although some courts have disagreed with these authorities and held that the presumption can in certain circumstances be overcome without allegations of an impending collapse, the opinions are not persuasive and should not be followed.  Such a rule would leave fiduciaries "with no

---

[5] See In re Polaroid ERISA Litig., 362 F. Supp. 2d 461, 475-76 (S.D.N.Y. 2005); see also Avaya, 503 F.3d at 340 (3d Cir.); Kirschbaum v. Reliant Energy, Inc., 526 F.3d 243, 255-56 (5th Cir. 2008); Wright v. Oregon Metallurgical Corp., 360 F.3d 1090, 1098-99 (9th Cir. 2004); Bausch & Lomb, 2008 WL 5234281, at *6; In re Duke Energy ERISA Litig., 281 F. Supp. 2d 786, 795 (W.D.N.C. 2003); Mellot v. ChoicePoint, Inc., 561 F. Supp. 2d 1305, 1315 (N.D.Ga. 2007).  Plaintiffs' contention that the presumption may be overcome if investigation would have revealed that the investment was "imprudent" (Opp. 13) is wrong.  In Polaroid, this Court held that the presumption could be overcome through allegations of a precipitous decline in stock value *and* fiduciary knowledge of an impending collapse.  362 F. Supp. 2d at 475-76.  The Court noted that, even in the absence of actual knowledge, the presumption could be overcome if there was cause to investigate and an adequate investigation would have revealed that a collapse was imminent.  Id.

meaningful guidance as to when they should, or should not, ignore an ERISA plan's requirements to offer company stock," would "foster[] expensive, speculative litigation" and could "cause employers to be hesitant to offer the benefits of an ESOP to [their] employees." See Pedraza v. Coca-Cola Co., 456 F. Supp. 2d 1262, 1276 (N.D. Ga. 2006).

Moreover, in the cases holding that the presumption can be overcome without allegations of an impending collapse, the fiduciaries were alleged to have been aware of illegal activity by the company that promised to have a negative effect on its stock. See Delta Air Lines, 422 F. Supp. 2d at 1331 (explaining that cases holding that "impending collapse was not a prerequisite . . . involved . . . other improprieties"). For example, In re Syncor ERISA Litigation held that the presumption was overcome by allegations that the fiduciaries knew that the stock price was artificially inflated by an illegal scheme. 516 F. 3d 1095, 1098, 1102 (9th Cir. 2008) (allegations that company had encouraged bribes and entered non-prosecution agreement and that subsidiary violated Foreign Corrupt Practices Act and pleaded guilty to criminal charges). Similarly, in In re Ford Motor Co. ERISA Litigation, the plaintiffs alleged "abundant corporate malfeasance and mismanagement," resulting in a massive five-year restatement, an SEC investigation and "a serious question as to [the company's] viability." No. 06 Civ. 11718, 2008 WL 880161, at *14, *17-18 (E.D. Mich. Mar. 31, 2008). There are no comparable allegations here.

C. Section 404 of ERISA Also Bars Plaintiffs' Prudence Claim

Plaintiffs effectively concede that 29 U.S.C. § 1104(c) would bar their claims (Compl. ¶ 329) were it not for the allegation that "Defendants failed to provide participants with complete and accurate information regarding Company stock" (id. ¶ 330; Opp. 15-17). Plaintiffs' disclosure allegations, however, fail as a matter of law. (Defs. Mem. 14-25; infra pp. 6-13.)

5

Section 404(c) therefore stands as a further bar to the prudence claim.[6]

## II.    PLAINTIFFS HAVE NOT STATED A CLAIM BASED ON INADEQUATE DISCLOSURE

### A.    ERISA Imposes No Obligation to Provide the Information That Plaintiffs Claim Should Have Been Disclosed

The obligation imposed by ERISA to provide complete and accurate information relates to certain statutorily prescribed plan information, *i.e.*, information about benefits, enrollment, expenses, etc. (Defs. Mem. 15-17), as to which the Complaint fails to allege any improper disclosure. Plaintiffs instead rely on alleged disclosure deficiencies in other documents issued by Morgan Stanley, but the limitation to plan documents has been recognized in numerous decisions both within and outside the Second Circuit. (Id.)[7]

Plaintiffs contend that Board of Trustees of the CWA/ITU Negotiated Pension Plan v. Weinstein, 107 F.3d 139, 147 (2d Cir. 1997), holds only that plan fiduciaries are not required to provide certain actuarial reports. (Opp. 19 n.15.) They ignore both the rationale and the actual holding of the case. In Weinstein, the Second Circuit reviewed ERISA's disclosure requirements and noted that they are meant to give participants knowledge of their rights and remedies under their employee benefit plans. 107 F.3d at 143. The court held that ERISA did not require

---

[6] Plaintiffs' assertion that section 404(c) is an affirmative defense that cannot be considered on a motion to dismiss (Opp. 16) is incorrect. An affirmative defense can be applied on a motion to dismiss "as long as the defense is based on facts appearing on the face of the complaint" and the documents incorporated therein. Benzman v. Whitman, 523 F.3d 119, 125 (2d Cir. 2008) (citation omitted); see also Hecker v. Deere & Co., No. 06 Civ. 719, 2007 WL 3270401, at *3-5 (W.D. Wis. Oct. 19, 2007) (affirming dismissal of ERISA claims on the basis of section 404(c)). Plaintiffs' argument that section 404(c) does not apply to "the act of designating investment alternatives" is a red-herring where, as here, the designation plaintiffs challenge – offering the MSSF as an option – was mandated by the Plan. As already explained, none of the defendants designated the MSSF as an investment option, or could un-designate it, because that designation was mandated by the Plan.

[7] See also, e.g., Baker v. Kingsley, 387 F.3d 649, 662 (7th Cir. 2004); Ehlmann v. Kaiser Found. Health Plan, 198 F.3d 552, 555-56 (5th Cir. 2000); Faircloth v. Lundy Packing Co., 91 F.3d 648, 657 (4th Cir. 1996); Weiss v. CIGNA Healthcare, Inc., 972 F. Supp. 748, 754 (S.D.N.Y. 1997).

disclosure of certain actuarial valuation reports, even though they "doubtless contain information that plan participants might find interesting or useful." <u>Id.</u> at 145-46.  The obligation to disclose is determined by the affirmative disclosures required by ERISA.  As the Second Circuit explained, "[i]n light of the precise language used by Congress in the various sections of ERISA, we see no presumption favoring disclosure to participants beyond what is required by § 104(b)(4)." <u>Id.</u>

Plaintiffs' similarly fail to distinguish <u>Edgar v. Avaya</u>, 503 F.3d 340 (3d Cir. 2007). They argue that, unlike the <u>Avaya</u> plaintiffs, they have "allege[d] that Defendants affirmatively misled" Plan participants (Opp. 19 n.15).  But Plaintiffs' claim that Defendants were obligated by ERISA to disclose additional information is no different from the contention that was rejected in <u>Avaya</u>, where the court held that defendants did not breach ERISA duties by failing to disclose adverse information about the company's performance in advance of its regular earnings announcement.  503 F.3d at 350.  <u>See also</u> <u>Cokenour v. Household Int'l., Inc.</u>, No. 02 C 7921, 2004 WL 725973, at *8 (N.D. Ill. Mar. 31, 2004) (dismissing claim for failure to disclose non public information because such a requirement "is too broad" and "would require defendants to continuously gather and disclose nonpublic information bearing some relation to the plan sponsor's financial condition").[8]

In the cases relied upon by Plaintiffs, the disclosure claims were premised on alleged misstatements and misrepresentations about matters squarely within ERISA's express disclosure

---

[8] Plaintiffs' attempt to distinguish <u>Sprague v. General Motors Corp.</u>, 133 F.3d 388, 405-06 & n.15 (6th Cir. 1998) (<u>en banc</u>), and their reliance on <u>In re WorldCom, Inc. ERISA Litigation</u>, 263 F. Supp. 2d 745, 766-67 (S.D.N.Y. 2003), and <u>Varity Corp. v. Howe</u>, 516 U.S. 489, 531-33 (1996), for the proposition that ERISA fiduciaries cannot lie to plan participants (Opp. 18 n.14, 19 n.15) similarly miss the issue.  Plaintiffs do not even address other cases, <u>e.g.</u>, <u>Mellot</u>, 561 F. Supp. 2d at 1318, cited by Defendants.

requirements – *i.e.*, the terms and administration of an ERISA plan – not about the performance of the company or its stock.  See, e.g., Adams v. Freedom Forge Corp., 204 F.3d 475, 479 (3d Cir. 2000) (defendants allegedly induced plan participants to retire early with oral assurances of lifetime benefits coverage); Anweiler v. Am. Elec. Power Serv. Corp., 3 F.3d 986, 990 (7th Cir. 1993) (defendants allegedly induced plaintiff's husband to designate disability insurer as beneficiary of group life policy).  Those holdings provide no support for Plaintiffs' argument that ERISA obligated Defendants to make disclosures about the performance of Morgan Stanley.

There are, to be sure, some cases in which courts have held that defendants breached their duties under ERISA by not disclosing that the company was on the verge of an impending collapse as a result of illegal activity.  See, e.g., In re Polaroid ERISA Litig., 362 F. Supp. 2d 461, 467-68, 478 (S.D.N.Y. 2005) (allegations of "inappropriate accounting tactics" leading to collapse and bankruptcy); Lively v. Dynegy Inc., 420 F. Supp. 2d 949, 950-51, 954 (S.D. Ill. 2006) (alleged fictitious round-trip energy trades, energy-price manipulation, false statements regarding revenue, cash flow and earnings and a stock drop from $55 to $0.47).  Here, there is no factual allegation of any wrongdoing, much less knowledge thereof by any fiduciary.[9]

## B.  The Allegedly Misleading Disclosures by Morgan Stanley Were Not ERISA Communications and Are Not Actionable

Plaintiffs' position that every corporate disclosure is a fiduciary ERISA communication is simply not the law.  ERISA does not govern corporate disclosures required by the securities laws, which are made in a corporate capacity, not as an ERISA fiduciary.  (Defs. Mem. 17-19.)

---

[9] Fiduciaries are not obligated by their duties to violate the securities laws.  (Defs. Mem. 17 n.5.)  Plaintiffs dispute this, relying on Worldcom, 263 F. Supp. 2d at 766, but Worldcom states only that fiduciaries cannot mislead plan members, not that fiduciaries can make selective disclosures to plan participants.  See id. at 766-67.  Plaintiffs' assertion that this argument is not appropriate for a motion to dismiss (Opp. 19-20) relies exclusively on cases decided before Bell Atlantic and in any event fails for the reasons stated above (supra p. 3 & n.4).

Plaintiffs attempt to avoid this rule by arguing that the public filings they claim were misleading were incorporated into Plan documents by reference. (Opp. 21-23.) As Defendants have shown, the better-reasoned cases reject that incorporation in plan documents transforms the filings into fiduciary communications. (Defs. Mem. 19.)[10] Some of the cases to the contrary relied upon by Plaintiffs have misinterpreted Varity Corp. v. Howe, 516 U.S. 489 (1996), to accept that public filings incorporated into plan documents are fiduciary communications. In Varity, the Supreme Court held that the company, which also served as plan administrator, had acted in its fiduciary capacity when speaking to plan participants. Id. at 503. The company had held a conference and spoken directly to employees about the company's plan and their plan benefits. The Supreme Court concluded that, in view of "the factual context in which the statements were made, combined with the plan-related nature of the activity . . . by those who had plan-related authority," it was possible that "a reasonable employee could have thought that Varity was communicating with them both in its capacity as employer and its capacity as plan administrator." Id. The communications in Varity, however, were not public disclosures about the company's performance, such as companies are required by the securities laws to make to their shareholders. They were plan-related communications by the plan administrator. Varity thus provides no basis for treating securities-law filings as fiduciary communications where, as here, the company is not the plan administrator. See Crowley v. Corning, 234 F. Supp. 2d 222, 228 (W.D.N.Y. 2002) (dismissing disclosure claim against company where, unlike in Varity, the

---

[10] See also In re Bausch & Lomb Inc. ERISA Litig., No. 06-CV-6297, 2008 WL 5234281, at *7-8 (W.D.N.Y. Dec. 12, 2008) (incorporating public filings into plan documents does not render them fiduciary communications); Mellot, 561 F. Supp. 2d at 1318 ("The preparation of SEC filings, even if misleading and incorporated by reference in required ERISA disclosures, is not a fiduciary act under ERISA."); In re Calpine Corp. ERISA Litig., No. C 03-1685 SBA, 2005 WL 3288469, at *9-10 (N.D. Cal. Dec. 5, 2005); Stein v. Smith, 270 F. Supp. 2d 157, 172-73 (D. Mass. 2003); In re RCN Litig., No. 04-5068 (SRC), 2006 WL 753149, at *6 (D.N.J. Mar. 21, 2006).

company was "clearly <u>not</u> the Plan administrator") (emphasis in original).[11]

In particular, Plaintiffs' assertion that Morgan Stanley's Form S-8 registration statement is a Plan document is incorrect. It is a filing required by the securities laws, not by ERISA. (Defs. Mem. 19.) Plaintiffs' retort that employers must deliver the Form S-8 to their employees (Opp. 22-23) only proves that it is a securities-law obligation of the Company as issuer, not an ERISA obligation of the Plan fiduciary. Indeed, Plaintiffs' position was explicitly rejected in a case on which they principally rely. <u>See</u> <u>In re Schering-Plough Corp. ERISA Litig.</u>, No. Civ. A. 03-1204 (KSH), 2007 WL 2374989, at *5 (D.N.J. Aug. 15, 2007) (S-8s and prospectuses are required by securities laws and are not fiduciary communications under ERISA); <u>see also</u> <u>In re Reliant Energy ERISA Litig.</u>, No. Civ. A. H-02-2051, 2006 WL 148898, at *4 (S.D. Tex. Jan. 18, 2006), <u>aff'd sub nom.</u>, <u>Kirschbaum v. Reliant Energy, Inc.</u>, 526 F.3d 343 (5th Cir. 2008) (same); <u>In re Tyco Int'l, Ltd. MDL</u>, No. 02-1357-PB, 2004 WL 2903889, at *6 (D.N.H. Dec. 2, 2004) (same).

Finally, Plaintiffs fail to state a claim because they have not alleged that the purported nondisclosures had any effect on Morgan Stanley's stock price – as would necessarily be the case if, as Plaintiffs argue, disclosure would have revealed that Morgan Stanley's stock was "artificially inflated" and "exceedingly risky" (Compl. ¶ 5). Instead of meeting this argument,

---

[11] In addition to misapplying <u>Varity</u>, cases that have treated allegedly fraudulent SEC filings as fiduciary communications when incorporated in plan documents are distinguishable on the ground that the fiduciaries allegedly knew of undisclosed illegal conduct that precipitated the company's collapse or bankruptcy. <u>See, e.g.</u>, <u>WorldCom</u>, 263 F. Supp. 2d at 751-52 (allegations of undisclosed illegality leading to bankruptcy); <u>In re First Am. Corp. ERISA Litig.</u>, SACV 07-01357-JVS (RNBx), 2008 U.S. Dist. LEXIS 83832, at *5-6 (C.D. Cal. July 14, 2008) (alleged "variety of unlawful activities" including boosting profits through illegal conduct, unlawful business activities and scheme to inflate appraisal values); <u>In re Dynegy, Inc. ERISA Litig.</u>, 309 F. Supp. 2d 861, 868 (S.D. Tex. 2004) (allegations of artificially inflated earnings, energy-price manipulation, sham transactions and phony trades); <u>In re Xerox Corp. ERISA Litig.</u>, 483 F. Supp. 2d 206, 211 (D. Conn. 2007) (allegations of manipulated earnings; company settled fraud charges with SEC and restated five years of financial statements).

Plaintiffs incorrectly assert that they are not required to plead loss causation under <u>Donovan v. Bierwirth</u>, 754 F.2d 1049 (2d Cir. 1985).  (Opp. 23-24.)  But <u>Donovan</u> addressed the measure of damages, not whether loss causation is an element of pleading an ERISA claim.  754 F.2d at 1056.  Indeed, the Second Circuit has held that it is.  <u>Silverman v. Mut. Benefit Life Ins. Co.</u>, 138 F.3d 98, 104 (2d Cir. 1998) (losses must result from a breach of duty to be actionable).[12]

### C.  The Complaint Does Not Allege That Any Fiduciary Breached Any Duty to Inform Plan Participants

As Defendants have already shown, the Complaint does not allege that the Plan Administrator, Ms. Jamesley – the only defendant responsible for communicating with Plan participants – knew any of the alleged information that Plaintiffs claim should have been disclosed.  (Defs. Mem. 21-22.)  Plaintiffs' assertion that "Morgan Stanley was responsible for preparing and distributing communications to participants regarding the Plans" (Compl. ¶ 46(b)) is unsupported by any allegation in the Complaint and, indeed, is contradicted by express terms of the Plan documents (Defs. Mem. 21-22).  It is thus an "unwarranted inference[]" and "unsupported conclusion[]," which must be rejected.  <u>See</u> <u>Bausch & Lomb</u>, 2008 WL 5234281, at *8; <u>see also</u> <u>Polaroid</u>, 362 F. Supp. 2d at 472.[13]

---

[12] Plaintiffs do not even attempt to address the case cited by Defendants which holds that loss causation is an element of an ERISA disclosure claim.  <u>See</u> <u>In re Coca-Cola Enters. Inc., ERISA Litig.</u>, Master File No. 1:06-CV-0953 (TWT), 2007 WL 1810211, at *8 (N.D. Ga. June 20, 2007) ("Loss causation is an element of the claim, and the Plaintiff should be required to allege facts that show it.").  <u>See also</u> <u>Avaya</u>, 503 F.3d at 350 (plaintiffs must demonstrate that earlier disclosure of allegedly withheld information would not have caused the same losses); <u>Graden v. Conexant Sys., Inc.</u>, 574 F. Supp. 2d 456, 465-66 (D.N.J. 2008); <u>Urban v. Comcast Corp.</u>, Civil Action No. 08-773, 2008 WL 4739519, at *1, *14-15 (E.D. Pa. Oct. 28, 2008); <u>Cokenour</u>, 2004 WL 725973, at *8, *9.

[13] Plaintiffs assertion that fiduciary status cannot be decided on a motion to dismiss (Opp. 19-20) is contradicted by numerous decisions that have dismissed claims for failure to allege the fiduciary status of defendants.  <u>See</u>, <u>e.g.</u>, <u>In re RCN Litig.</u>, No. 04-5068 (SRC), 2006 WL 753149, *4-5, *6-8 (D.N.J. Mar. 21, 2006) (dismissing disclosure claims against company and board defendants that were not fiduciaries for plan communications); <u>Crowley</u>, 234 F. Supp. at 228-30 (dismissing claims against company that was not a fiduciary, and dismissing prudence and disclosure claims against director defendants who had no fiduciary discretion over

Plaintiffs have not sufficiently alleged that any of the individual Defendants had knowledge of the purported nondisclosures.  Because Plaintiffs' claim sounds in fraud, knowledge must be pleaded with the particularity required by Rule 9(b).[14]  But even under the less demanding standard of Rule 8(a), Plaintiffs' group-pleading allegations fail to state an ERISA claim for breach of the duty to make adequate disclosure.  (Defs. Mem. 23-25.) Plaintiffs' assert that the "Complaint specifies how Defendants knew or should have known of the serious problems facing Morgan Stanley" (Opp. 20), but the accompanying indiscriminate citation of over 100 paragraphs demonstrates nothing.  The Complaint does not assert who made alleged decisions to conceal the truth, explain why particular statements were untrue, connect supposed accounting shortcomings with the Company's write-downs, or assert that any Defendant was either personally aware of the alleged accounting and risk-management inadequacies or should have been.  (Defs. Mem. 22-25.)  The absence of such allegations requires dismissal of the disclosure claims.  See In re RCN Litig., No. 04-5068 (SRC), 2006 WL 753149, at *12 (D.N.J. Mar. 21, 2006) (dismissing disclosure claim for failure to "allege that [defendants] actually possessed any information contrary to the[] public statements that it failed to disclose to Plan participants, or even demonstrate how the[] public statements were, in any way, false or misleading at the time they were made"); Crowley, 234 F. Supp. 2d at 230 (general claims of knowledge against all defendants without specifying actual knowledge as to each

---

investment options or communications with plan participants); In re Sprint Corp. ERISA Litig., 388 F. Supp. 2d 1207, 1229-31 & n.11 (D. Kan. 2004) (dismissing claims against directors for failure to allege fiduciary status).

[14] Plaintiffs cite only one ERISA case to support their assertion that courts have "consistently" declined to apply Rule 9(b) to ERISA claims.  (Opp. 20 n.16.)  In fact, several cases, including recent decisions, have held that Rule 9(b) applies to ERISA claims when the allegations sound in fraud.  See, e.g., Urban, 2008 WL 4739519, at *8-9.  (See also Defs. Mem. 22-23.)

defendant held insufficient).[15]

### III.  PLAINTIFFS' OTHER CLAIMS ALSO FAIL

In response to Defendants' argument that the conflict-of-interest claim must be dismissed (Third Cause of Action) (Defs. Mem. 25-26), Plaintiffs assert that a conflict of interest exists whenever a fiduciary's compensation is contingent on the value of company stock (Opp. 24-25). None of the cases they cite, however, hold that merely having a personal interest in the performance of the company's stock comparable to that of other employees is sufficient to establish a conflict of interest.[16]

The failure-to-monitor claim (Fourth Cause of Action) fails because, as discussed above, no primary breach has been sufficiently alleged.  (Defs. Mem. 26.)  In any event, given Plaintiffs' concession that the duty to monitor attaches only to those who can appoint and remove fiduciaries (see Opp. 25-26), the claim must at a minimum be dismissed as to all defendants except the MS & Co. Directors, because only they are alleged to have had power to appoint and monitor members of the Investment Committee (Compl. ¶ 308).  As to those Defendants the claim must be dismissed because Plaintiffs have failed to show that the Investment Committee breached any duty.  (Defs. Mem. 31.)

---

[15] Plaintiffs cite In re Enron Securities, Derivative & ERISA Litigation, 284 F. Supp. 2d 511 (S.D. Tex. 2003), to support their argument that their allegations are sufficient (Opp. 20), but in contrast to the Complaint here, the complaint in Enron contained detailed allegations of illegal behavior, fictitious transactions and fraudulent conduct that ultimately led to criminal convictions of several Enron executives.  See, e.g., Enron, 284 F. Supp. 2d at 562.  Their assertion that this issue is inappropriate for a motion to dismiss (Opp. 19-20) is refuted by the cases cited above and in Defendants' opening brief (Supra pp. 6-13; Defs. Mem. 22-25).

[16] See e.g., In re Honeywell Int'l ERISA Litig., No. Civ. 03-1214 (DRD), 2004 WL 3245931, at *13 (D.N.J. Sept. 14, 2004) (declining to dismiss conflict-of-interest claim given allegations, but noting that mere status as employee or participation in stock-based compensation arrangement is not actionable); Woods v. S. Co., 396 F. Supp. 2d 1351, 1359-60 (N.D. Ga. 2005) (plaintiffs did not bring conflict-of-interest claim; conflict issues referenced in prudence analysis); Hill v. BellSouth Corp., 313 F. Supp. 2d 1361 (N.D. Ga. 2004) (specific allegations regarding defendants' incentive packages survived motion to dismiss conflict-of-interest claim).

Plaintiffs' only response to Defendants' argument for dismissal of their co-fiduciary

claim (Fifth Cause of Action) (Defs. Mem. 26 & n.7) is that they alleged a primary breach and

that Mr. Mack allegedly failed to advise the Investment Committee that it was imprudent to

invest in Morgan Stanley stock (Opp. 27).  No primary breach is alleged, and because Mr. Mack

is not a fiduciary for any purpose, see infra pp. 14-15, he cannot be liable as a co-fiduciary.

## IV.   PLAINTIFFS HAVE FAILED TO ALLEGE FIDUCIARY STATUS

Neither Morgan Stanley nor MS & Co. is a named or *de facto* fiduciary.  (Defs. Mem. 27-

28.)  Plaintiffs argue in response that Morgan Stanley is nonetheless liable because the named

fiduciary, Ms. Jamesley, is a Morgan Stanley employee (Opp. 29), but this assertion misstates

the law.  A company does not become a fiduciary because its employee is a fiduciary.  See., e.g.,

In re AOL Time Warner, Inc., Sec. & "ERISA" Litig., No. 02 Civ. 8853 (SWK), 2005 WL

563166, at *12 n.5 (S.D.N.Y. Mar. 10, 2005) (refusing to permit claims against a corporation on

theory of *respondeat superior* because doing so would contravene Congressional intent not to

authorize "other remedies that it simply forgot to incorporate expressly"); Crowley v. Corning,

Inc., No. 02 Civ. 6172, 2004 WL 763873, at *5 (W.D.N.Y. Jan. 14, 2004); In re Williams Cos.

ERISA Litig., 271 F. Supp. 2d 1328, 1337-38 (N.D. Okla. 2003).[17]

Plaintiffs argue that the corporate defendants and Mr. Mack are *de facto* fiduciaries

because they determine whether Morgan Stanley's required ESOP contributions are made in cash

or stock, and that the MS & Co. Directors are *de facto* fiduciaries because they direct Morgan

---

[17] Although some courts have permitted *respondeat superior* liability, in most instances they have required allegations that the company is a *de facto* fiduciary and knowingly and actively participated in the breach of a co-fiduciary.  E.g., Woods, 396 F. Supp. 2d at 1370 n.10 (it is difficult to envision a scenario where a defendant could be liable on a *respondeat superior* theory without meeting the definition of a *de facto* fiduciary).  See also Crowley, 234 F. Supp. 2d at 228; Bannistor v. Ullman, 287 F.3d 394, 408 (5th Cir. 2002).

Stanley's contributions to be paid to the Plans' trustee.  (Opp. 31-33.)  Those actions, however, are not fiduciary functions.  (Supra p. 2; Defs. Mem. 27-28, 29.)

Plaintiffs assert that the MS & Co. Directors are *de facto* fiduciaries because they have the authority to appoint and remove members of the Investment Committee.  (Opp. 32.)  At most, the MS & Co. Directors are subject to a limited duty to monitor the Investment Committee, but Plaintiffs have not alleged that the MS & Co. Directors breached a duty to appoint or remove members of the Investment Committee or that they had any reason to suspect that the Investment Committee was not fulfilling its duties.  (Defs. Mem. 29-31.)

Plaintiffs appear to concede that the members of the Investment Committee are fiduciaries only for purposes of identifying appropriate investment options.  (Opp. 33-34.) Because ERISA fiduciary liability is coextensive with discretionary authority, all claims other than the prudence claim must therefore be dismissed as to the Investment Committee.  (Defs. Mem. 31-32.)  Further, even the prudence claim must be dismissed because the Investment Committee has no discretion to remove the MSSF as an investment option under the 401(k) Plan or to direct that Company contributions to the ESOP be invested in anything other than the MSSF (id.; supra pp. 1-2), and because Plaintiffs have not stated a claim that it was imprudent to permit investment in the MSSF (Defs. Mem. 10-13, 32; supra pp. 3-6).

CONCLUSION

The Complaint fails to state a claim upon which relief can be granted.  Given that Plaintiffs have already amended their Complaint and that they chose to oppose the motion to dismiss instead of seeking leave to amend a second time, dismissal should be with prejudice.

Dated:   New York, New York
         December 23, 2008

                                        DAVIS POLK & WARDWELL


                                        By:  /s/ Robert F. Wise, Jr.
                                        _____
                                             Robert F. Wise, Jr.

                                        Robert F. Wise, Jr.
                                        robert.wise@dpw.com
                                        Charles S. Duggan
                                        charles.duggan@dpw.com
                                        450 Lexington Avenue
                                        New York, New York 10017
                                        Telephone: (212) 450-4000
                                        Facsimile: (212) 450-3800

                                        *Attorneys for Defendants*

16